JAMES L. CLEMENTS, Respondent, *v.* ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, Appellant.

Fourth Department, January 7, 1931.

*Carlton E. Ladd* [*Ralph F. Potter* of counsel], for the appellant.

*Harold J. Adams* [*Percy R. Smith* and *Edmund S. Brown* of counsel], for the respondent.

PER CURIAM. We have examined the record and have found no reversible error of law. The plaintiff has recovered upon a policy of accident insurance of the professional coverage type, insuring the plaintiff, among other things, against loss by " complete and permanent loss of the use of second right finger." We construe the quoted phrase to mean " complete and permanent loss of use of the finger as a dentist employs it." If there is, then, remaining

a substantial use to which the plaintiff can put the injured finger in his practice as a dentist, the loss of use is not complete. We are convinced that there are such substantial uses to which this finger can be put, as for example in the pen grasp of an instrument, which is employed, as the experts say, in many operations. In this grasp the second finger near the joint is used as a rest for the instrument. No tactile sense of the distal phalanx is indispensable to the use of this grasp. We deem the verdict, therefore, in its finding of a complete loss of use to be against the weight of the evidence.

The judgment and order denying the defendant's motion upon the judge's minutes should be reversed upon the facts and a new trial granted, with costs to the appellant to abide the event.

The appeal from the order denying the defendant's motion for a new trial upon newly-discovered evidence should be dismissed, without costs, as academic in view of the determination of the appeal from the judgment.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event. Appeal dismissed, without costs, as academic in view of the disposition made of the appeal from the judgment, decided herewith.